Dear Ms. Huett:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. You inquire whether a person appointed as a member of the police jury must meet the qualifications that a person running for the office of police juror would also have to meet.
LSA-R.S. 33:1225 sets forth the requisite qualifications for police jury members. It provides, "Members of the police juries shall possess the same qualifications at the time of their election as members of the house of representatives[1] and in addition thereto shall not hold or exercise the office of mayor of any municipality having a population of 5,000 or more according to the United States census for the year 1960."
When a vacancy[2] occurs in the office of a parish or municipal governing authority or a combination thereof . . . the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office.
LSA-R.S. 18:602(A) (Emphasis added). This statute clearly requires the appointed police juror to meet the qualifications of the office, i.e., be in compliance with LSA-R.S. 33:1225. If the unexpired term is one year or less, the appointee will serve the remainder of the unexpired term. LSA-R.S. 18:602(E)(1)(a). *Page 2 
When a vacancy occurs on the police jury and the unexpired term will exceed one year, the governing authority of the local governmental subdivision where the vacancy occurs must still appoint a person to fill the vacancy who meets thequalifications of the office. LSA-R.S. 18:602(A), 19:602(E)(2)(a). However, it must also, within ten days after the vacancy occurs, issue a proclamation ordering a special election to fill the vacancy. LSA-R.S. 18:602(E)(2)(a). It should be noted that the person appointed to fill the vacancy until a special election is held may offer himself as a candidate in the special election to fill the office for the remainder of the term. Atty. Gen. Op. Nos. 78-230, 89-3, 93-58.
Based on the foregoing, it is the opinion of this office that when an individual is appointed as a member of the police jury in order to fill a vacancy on the police jury, the appointee must meet the qualifications that an individual elected to the police jury would also have to meet.
We trust this adequately responds to your request. If you have any additional questions or comments, please do not hesitate to contact our office.
Respectfully submitted,
 CHARLES C. FOTI, JR. Attorney General
 BY: __________________________________ WILLIAM P. BRYAN, III Assistant Attorney General
[1] These qualifications can be found in LSA-Const. Art. 3, § 4(A), (B). They include qualifications based on age, residence and domicile.
[2] A vacancy is defined in LSA-R.S. 18:581(1) as follows: "(1) A `vacancy' occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, and declaration of retention of domicile to the contrary notwithstanding, or when an office is created due to a reclassification of a municipality."